# United States Tax Court

T.C. Memo. 2026-57

BEVELED EDGE INSURANCE COMPANY, INC., ET AL.,[1]
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

———————

Docket Nos. 19821-16, 19822-16, 19823-16, 19824-16, 19825-16, 20157-19, 20158-19, 20159-19, 20160-19, 11931-20, 11932-20, 11933-20, 11934-20, 11935-20.

Filed July 20, 2026

———————

Ps have moved pursuant to Tax Ct. R. Prac. and Proc. 90 and 104 that we review substantially all of R's responses to Ps' Third Request for Admissions (RFA). Ps ask that we determine that those responses are evasive within the meaning of Rule 104(d), deem the corresponding matters admitted, and impose sanctions.

*Held*: Ps' Motion will be granted in part, in that we will review the challenged responses.

*Held, further*, Ps' Motion will be denied in part, in that that we do not determine that R's responses are

---

[1] Cases of the following petitioners are consolidated herewith: Artis P. Truett and Allison H. Truett, Docket Nos. 19822-16, 20157-19, and 11933-20; Michael J. Crowe and Julie W. Crowe, Docket Nos. 19823-16 and 20158-19; Cavallo Nero Insurance, Inc., Docket Nos. 19824-16, 20159-19, and 11931-20; Micro Cap KY Insurance Company, Inc., Docket Nos. 19825-16, 20160-19, and 11932-20; Michael J. Crowe and Julie Werner, Docket No. 11934-20; and Michael J. Crowe, Docket No. 11935-20.

**[\*2]**   evasive within the meaning of Rule 104(d), deem the corresponding matters admitted, or impose sanctions.

*Held, further*, other than with respect to Paragraphs Nos. 1, 4, 8, 41, 49, 63, 102, and 115 of the RFA, R neither admitted nor denied the matters set forth in 120 paragraphs of the RFA and has not shown that his objections to those paragraphs are justified.

*Held, further*, the portions of 22 of those 120 paragraphs requesting that R acknowledge the genuineness of specified exhibits are deemed admitted.

*Held, further*, with respect to the remainder of the 120 paragraphs R must serve responses consistent with Rule 90.

*Held, further*, in serving his responses, R shall comply with the requirements of Rule 90 and, before asserting objections, coordinate with Ps' counsel where such coordination may resolve or narrow any issue.

————————

*David D. Aughtry*, *Patrick J. McCann, Jr.*, and *Andrew D. Mullendore*, for petitioners.

*Diana N. Wells*, for respondent.

## MEMORANDUM OPINION

HALPERN, *Judge*:  Petitioners move pursuant to Rules 90 and 104[2] that we review substantially all of respondent's responses to petitioners' Third Request for Admissions (RFA) (Doc. No. 221).[3] Petitioners ask that we determine that those responses are evasive within the meaning of Rule 104(d), deem the corresponding matters admitted, and impose sanctions.  Petitioners have filed a Memorandum

---

[2] Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure.

[3] References to a "Doc. No." are to a document filed in the lead case, docket No. 19821-16.

[*3] in Support of the Motion, respondent has filed a Response in Opposition, and petitioners have filed a Reply.

We will grant the Motion in part, in that we will review the challenged responses. We will deny petitioners' request that we find a pattern of evasive responses, deem all corresponding matters admitted, and impose sanctions. However, for the reasons explained below, we conclude that many of respondent's objections are not justified. Accordingly, we will require respondent, pursuant to Rule 90(e), to serve answers or revised responses to the objected-to requests, except as otherwise decided in this Opinion.

*Background*

*Substantive Issues in the Cases*

*Beveled Edge Insurance Co. v. Commissioner*, docket No. 19821-16, is the lead case in a group of 14 cases consolidated pursuant to Rule 141. The cases involve captive insurance arrangements under which certain entities purportedly purchased insurance from Beveled Edge and two related entities. Respondent disallowed deductions for the purported premiums paid. He also increased the income of Beveled Edge and the other two vendor entities.

*The RFA*

On December 8, 2025, petitioners served the RFA. In a preamble, petitioners request that respondent admit the truth of specified statements and the genuineness of certain documents described in the RFA. The preamble also directs respondent to contact petitioners' counsel if clarification is needed and to state in detail the factual and legal basis for any challenge to the authenticity of documents. The RFA consists of 128 numbered paragraphs, including numerous requests that respondent admit the genuineness of attached Exhibits.

*The Response to the RFA*

On January 23, 2026, respondent filed his Response to Third Request for Admissions (Response to the RFA). Except for Paragraphs Nos. 1, 4, 8, 41, 49, 63, 102, and 115, respondent did not admit or deny the matters set forth in the RFA but instead interposed objections. As

**[*4]** a result, respondent neither admitted nor denied the substance of 120 of the 128 requests.[4]

The Response to the RFA includes repeated assertions that requests were vague, ambiguous, or unclear. The word "vague" appears 94 times in the Response to the RFA, and the exact phrase "vague and ambiguous" appears 58 times, often in combination with references to lack of clarity. These objections are often stated in substantially similar terms across multiple responses and are sometimes accompanied by citations of the Rules without further explanation directed to the request.

Petitioners' requests address a wide range of factual topics, including the temporal scope of an agreement, corporate organization and ownership, the issuance of insurance policies, regulatory filings, actuarial work, and reinsurance arrangements. In many instances, respondent objected to the request to verify a factual matter as vague or unclear as to what was being asked to be admitted, without addressing the underlying factual assertion reflected in the cited material.

The RFA also includes requests seeking admissions with respect to regulatory filings, corporate resolutions, actuarial reports, insurance policies, reinsurance agreements, and related correspondence. In addition to seeking an admission with respect to the matter evidenced by the document, petitioners often separately ask respondent to confirm that an attached exhibit is genuine or is a correct copy of the document. In many instances, respondent neither admitted nor denied any part of the request, asserting only objections. In 22 of the responses, respondent was silent with respect to the request that he authenticate an exhibit.

*The Motion*

In support of the Motion, filed February 27, 2026 (Doc. No. 239), petitioners contend that respondent failed to admit or deny most of the requests and, instead, interposed objections that do not address the substance of the matters presented. Petitioners assert that many of respondent's objections—particularly those characterizing requests as vague, ambiguous, or compound—are unfounded and were asserted in lieu of meaningful responses.

---

[4] Apparently, petitioners missed that respondent admitted Paragraph No. 41. So, petitioners are likely asking us to review 120 out of 128 responses and not 121.

**[\*5]** Petitioners further contend that respondent declined to admit or deny requests supported by documents or citations, including requests that identify specific Exhibits, and that respondent failed in many instances to admit or deny the genuineness of attached Exhibits. Petitioners argue that these responses reflect a pattern of nonresponsive or incomplete answers that, under Rules 90(c) and 104(d), should be treated as failures to respond.

Petitioners rely on Rule 104(d) and decisions interpreting Rule 36 of the Federal Rules of Civil Procedure to argue that evasive or incomplete responses may be treated as admissions and that, where such conduct is pervasive, sanctions are appropriate.

As relief, petitioners ask that we (1) determine that respondent engaged in a pattern of evasive or incomplete responses, (2) deem the matters set forth in the challenged requests admitted, including the genuineness of certain exhibits, and (3) impose sanctions. In the alternative, petitioners request that we direct respondent to show cause why his responses comply with the requirements of Rule 90.

*The Response to the Motion*

In response to the Motion, respondent does not admit or deny the matters addressed in his Response to the RFA but instead defends the objections asserted therein. Respondent maintains that his objections are authorized by and consistent with the Rules and that he is not required to provide admissions or denials unless and until the Court determines that an objection is not justified and orders that a response be served pursuant to Rule 90(e).

Succinctly, respondent's position is that, so long as an objection is asserted, no further response is required absent a court order.

Respondent contends that many of petitioners' requests are defective because they are compound, vague, or ambiguous, or because they seek admissions as to multiple matters within a single request. He further asserts that certain requests lack sufficient specificity as to relevant time periods, transactions, or documents, or employ phrasing that makes it unclear what is being requested to be admitted.

Respondent also objects to requests that, in his view, call for legal conclusions or otherwise exceed the proper scope of requests for admission, including requests that require analysis of legal standards or the application of law to disputed facts. In addition, respondent

**[\*6]** asserts objections based on burden, proportionality, and lack of access to information, as well as objections to requests that he contends are duplicative of stipulated matters or seek admissions of facts already established.

Respondent denies that his responses are evasive or made in bad faith and maintains that each objection was asserted in good faith and for a proper purpose. Respondent requests that we deny the Motion and sustain his objections, or, to the extent we determine that an objection is not justified, order that he be permitted to serve an amended response.

The Response to the Motion consists of more than 100 pages and includes both a general discussion of the asserted bases for respondent's objections and a request-by-request identification of the grounds asserted with respect to each challenged admission.

*Discussion*

I.    *Introduction*

The purpose of requests for admission is to establish facts as to which there is no genuine dispute to expedite litigation and save time and expense otherwise incurred on unnecessary discovery and proof at trial. *See JZ Buckingham Invs. LLC v. United States*, 77 Fed. Cl. 37, 44 (2007). Rule 90 permits a party to request the admission of facts, the application of law to fact, and the genuineness of documents. Rule 90(a).

A matter is deemed admitted unless the responding party serves a written answer or objection. Rule 90(c). An answering party must admit, deny, or state in detail the reasons why it cannot admit or deny. *Id.* If a party objects, it must state the reasons for the objection. *Id.* A denial must fairly respond to the substance of the request.

The requesting party may move to determine the sufficiency of an answer or objection. Rule 90(e). The objecting party bears the burden of justifying its objections. *LKQ Corp. v. Kia Motors Am., Inc.*, No. 21 C 3166, 2023 WL 2429010, at \*1 (N.D. Ill. Mar. 9, 2023); 8B *Wright & Miller's Federal Practice & Procedure* § 2263 (database updated Apr. 2026), Westlaw FPP. If the Court determines an objection is not justified, it may order that an answer be served. Rule 90(e). If the Court determines that an answer does not comply with the requirements of Rule 90, it may order either that the matter

**[\*7]** is admitted or that an amended answer be served. Rule 90(e). An evasive or incomplete answer or response is treated as a failure to answer or respond. Rule 104(d).

Finally, courts have "significant discretion" when determining the sufficiency of responses to requests for admissions. *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 1165089, at \*1 (N.D. Ill. Mar. 25, 2021); *see* Rule 90(e).

II.    *Analysis*

A.    *Introduction*

The record reflects that respondent admitted or denied only a limited number of petitioners' requests and objected to a substantial number of others without providing admissions or denials. Respondent's position, as described above, is that the assertion of an objection relieves him of any obligation to admit or deny the matter unless and until the Court determines that the objection is not justified. The question presented is whether that position comports with the requirement of Rule 90 that a party answer a request for admission by admitting, denying, or stating in detail the reasons why it cannot do so, or file an objection stating the reasons therefor.

Rule 90(c)(2) does not permit a party to respond to a request for admission by asserting an objection in conclusory or generalized terms. Although a party may object to a request, the Rule requires that the objection state in detail the reasons therefor, and, to the extent the matter is not objectionable, that the responding party admit or deny the request or set forth in detail the reasons why it cannot do so. Thus, the assertion of an objection does not, by itself, discharge the obligation to respond. Rather, an objection must be sufficiently specific to permit evaluation of its merit and must be accompanied, where appropriate, by an admission, denial, or qualified response addressing any portion of the request that can be answered. Responses that consist solely of generalized objections, without such explanation or partial response, do not satisfy the requirements of Rule 90. *See, e.g.*, *Berlinger v. Wells Fargo, N.A.*, No. 11-CV-459-FTM-99, 2012 WL 640705, at \*1 (M.D. Fla. Feb. 28, 2012) (rejecting repeated "vague and ambiguous" objections as "formulaic and unacceptable under the Federal and Local Rules").

The record demonstrates that the responses do not meet these requirements. As described above, in a substantial number of instances respondent asserted that a request was "vague,"

**[\*8]** "ambiguous," or "compound" without identifying the deficiency that prevented an admission or denial or explaining why the request could not be answered in whole or in part. In many such responses, respondent neither admitted nor denied any portion of the matter stated and did not indicate whether a qualified or partial response could be made. The repetition of materially identical objections across numerous requests, often employing the same phrasing and structure, further indicates that the objections were not tailored to the substance of the individual requests. In these circumstances, the assertions of objection do not provide a basis on which either petitioners or the Court can evaluate their merit and therefore do not satisfy the Rule 90 requirement that a party fairly respond to the substance of a request for admission.

B. *Formulaic Responses*

The response to petitioners' Paragraph No. 2 illustrates respondent's standardized pattern of response. By that paragraph, petitioners asked respondent to admit the following:

> The precedent of the United States Court of Appeals for the Sixth Circuit applies here as the result of the respective residences and/or principal places of business of the Petitioners in Kentucky at the time of their Petitions.

Respondent responded as follows:

> Respondent objects on the grounds that the request is (1) a compound request involving multiple matters and fails to separately set forth each matter as required by T.C. Rule 90(b); and (2) unclear and vague with respect to "the precedent of the United States Court of Appeals for the Sixth Circuit," "applies here," "respective residences" and "respective . . . principal places of business".

The response neither admits nor denies any portion of the request and does not explain why the asserted deficiencies preclude a response in whole or in part. Nor does the response indicate whether any part of the request could be answered subject to qualification.

Even if the request were viewed as compound because it asks about (1) applicable precedent, and (2) the residences or principal places

**[*9]** of business of multiple parties, that would not excuse respondent's obligation to respond to the request. *See, e.g., Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 247 F.R.D. 198, 203 (D.D.C. 2008) ("Compound requests that are capable of separation into distinct components and that follow a logical or chronological order . . . should be denied or admitted in sequence with appropriate designation or qualification." (quoting *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 621 (S.D.N.Y. 1990))).

This example is representative of a broader pattern in which respondent asserted materially similar objections without explaining their application to the request or indicating whether any portion of the request could be answered.

The responses to requests supported by identified documents reflect a related defect. In several instances, petitioners requested that respondent admit a factual assertion and cited an exhibit as supporting that assertion. In such circumstances, the request itself states the matter for admission, and the exhibit is identified only as supporting material. An objection to the reference to the exhibit does not explain why the underlying factual assertion cannot be admitted or denied.

The response to Paragraph No. 71 illustrates this defect. Petitioners requested that respondent admit: "The purpose of the Micro Cap KY Insurance Form D was to request that the Kentucky Department of Insurance approve the Crowe Family Trust's sale of its shares of Micro Cap KY Insurance to Dr. Crowe for the purpose of complying with the amendments to Section 831(b). *See* Exhibit 27."

Exhibit 27 consists of copies of five documents, the first of which purports to be a "Form D, PRIOR NOTICE OF A MATER1AL [sic] TRANSACTJON [sic] INVOLY1NG [sic] A CAPTIVE INSURER, Filed with the Kentucky Office of Insurance ('Department') By MICRO CAP KY INSURANCE COMPANY, INC." The remaining four documents constituting Exhibit 27 are supposed to be copies of documents (e.g., a promissory note) necessary for the sale. The response did not admit or deny any portion of the request.

The objection does not address the substance of the request. The factual assertion—the purpose of Form D—is independent of the citation of the Exhibit, which merely identifies supporting material and does not alter the matter for admission. The response does not explain why

**[*10]** respondent could not admit or deny the asserted fact, in whole or in part, by reference to the identified document.

This example is representative of numerous responses in which respondent objected to requests supported by identified documents without addressing either the factual assertion or the authenticity of the Exhibit. In such circumstances, the responses do not fairly meet the substance of the requests within the meaning of Rule 90.

Having reviewed respondent's objections as a whole and concluded that they do not fairly meet the substance of the requests, we turn to the appropriate relief.

C.     *Relief for Petitioners*

We conclude that respondent has not carried his burden of showing that his objections are justified. In numerous instances, his responses do not fairly meet the substance of petitioners' requests within the meaning of Rule 90. As discussed above, respondent frequently asserts objections without providing admissions or denials and without explaining why the requests could not be answered in whole or in part or subject to qualification. In such circumstances, Rule 90(e) requires that an answer be served unless the objection is sustained.

Federal courts more commonly order a responding party to serve an amended answer when responses to requests for admission are found deficient, rather than deeming the matters admitted in the first instance. *See, e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981); *JZ Buckingham Invs. LLC*, 77 Fed. Cl. at 45. *But see Cochrane v. Commissioner*, 107 T.C. 18, 26 (1996) (taking as established facts set forth in requests for admission when responses were evasive, incomplete, and not in good faith despite prior court order). The choice of remedy lies within the Court's discretion, and deeming matters admitted is not ordinarily the initial course of action. *See Asea, Inc.*, 669 F.2d at 1247; 8B *Wright & Miller*, *supra*, § 2284 ("Discretion of District Court in Imposing Sanctions").

Although we have identified significant and recurring defects in the responses, we do not conclude that respondent acted in bad faith or that the circumstances warrant deeming the matters admitted as a sanction. Accordingly, we will not impose that sanction. Instead, consistent with Rule 90(e), we will require respondent to serve answers to the objected-to requests, except as otherwise stated below.

**[\*11]** D.  *Failure to Admit Genuineness of Exhibits*

A number of petitioners' requests for admission include a request that respondent admit the genuineness of an attached Exhibit, either by acknowledging that the Exhibit is a correct copy of a document or, in some instances, a screenshot from a designated source.[5]  Of the 35 such requests, respondent admitted the genuineness of Exhibits in only two instances,[6] and petitioners concede that one request did not include the referenced Exhibit.[7]  In the remaining instances, respondent either objected to the request or did not respond directly to the request for authentication.

We distinguish between two categories of requests.  In some instances, respondent acknowledged the authentication component but asserted objections without admitting or denying the genuineness of the Exhibit.  In other instances, respondent did not respond to the authentication component at all.  These categories correspond to distinct defects in the responses to the requests for admission.

We first consider the requests in which respondent acknowledged the authentication component of the request but neither admitted nor denied the genuineness of the Exhibit.  Those requests are set forth in Paragraph Nos. 3, 14, 18, 21, 24, 25, 27, 68, 70, and 112 (Ten Paragraphs).  In virtually all these requests, petitioners sought both a factual admission and an admission that an attached Exhibit was a correct copy of a specified document. Respondent generally objected that the request was "compound" because it combined multiple matters in a single request.  In several instances respondent also asserted additional objections directed to the wording in the factual request or to the exhibit itself.  Respondent nevertheless did not separately admit or deny the genuineness of the Exhibit.

The objections asserted with respect to the factual portions of the requests do not by themselves justify respondent's failure to respond to the requests for authentication.  A request to admit the genuineness of a document serves a distinct purpose from a request to admit the truth of the matters asserted in the document.  Rule 90 expressly authorizes requests concerning the genuineness of documents, and a responding

---

[5] ¶¶ 3, 7, 10, 12, 14, 16, 18, 21, 22, 24, 25, 27, 32, 33, 35, 40, 44, 49, 51, 56, 62, 66, 68, 70, 72, 79, 87, 89, 94, 102, 106, 111, 112, 113, and 125.

[6] ¶¶ 49 and 102.

[7] ¶ 125.

**[\*12]** party must admit, deny, or explain in detail why it cannot do so. Objecting while explaining the reasons for doing so is another option. *See* Rule 90(c). Moreover, a party may not avoid responding to a request for authentication merely by asserting generalized objections directed at the substantive factual matters included in the same request. Where the accuracy or genuineness of a document can be determined from sources reasonably available to the responding party without undue hardship, the party is obligated to make a reasonable inquiry and respond accordingly. *See, e.g.*, *Bouchard v. United States*, 241 F.R.D. 72, 76 (D. Me. 2007).

Respondent's objections do not satisfy that standard. The assertion that a request is compound because it combines a factual admission with an authentication request does not explain why respondent could not admit or deny whether the attached Exhibit is a genuine or correct copy of the identified document. Nor do respondent's remaining objections establish an inability, after reasonable inquiry, to determine the genuineness of the Exhibits. Accordingly, respondent has not shown that his objections to the authentication portions of the Ten Paragraphs are justified, and we will require respondent to serve responses expressly admitting, denying, or explaining in detail why he cannot admit or deny the genuineness of the Exhibits referenced in those requests.

We next consider the requests in which respondent did not respond to the authentication component (22 Paragraphs).[8] Respondent acknowledged similar authentication requests elsewhere, indicating that he understood their nature. In the 22 Paragraphs, however, respondent neither admitted nor denied the genuineness of the Exhibits and did not object specifically to the authentication component. Rule 90(c) provides that a matter is admitted unless the responding party serves an answer or objection. Accordingly, the genuineness of the Exhibits referenced in the 22 Paragraphs is deemed admitted.

III. *Conclusion*

We decline petitioners' request that we find a pattern of evasive responses, deem all corresponding matters admitted, and impose sanctions. We also decline petitioners' alternative request that we

---

[8] ¶¶ 7, 10, 12, 16, 22, 32, 33, 35, 40, 44, 51, 56, 62, 66, 72, 79, 87, 89, 94, 106, 111, and 113.

**[*13]** require respondent to show cause why his responses comply with Rule 90. Nevertheless, for the reasons stated above, we conclude that respondent's objections to a substantial number of requests are not justified and that respondent must serve responses consistent with Rule 90, except as otherwise stated herein.

Other than with respect to Paragraph Nos. 1, 4, 8, 41, 49, 63, 102, and 115, respondent neither admitted nor denied the matters set forth in 120 paragraphs of the RFA and has not shown that his objections to those paragraphs are justified. We will therefore require respondent to serve responses consistent with Rule 90, except that, as discussed above, we deem admitted the portions of the 22 Paragraphs requesting that respondent acknowledge the genuineness of specified exhibits.

In serving amended responses, respondent shall comply fully with the requirements of Rule 90 by admitting, denying, or stating in detail the reasons he cannot admit or deny each matter, and by limiting any objections to those supported by specific and sufficient grounds. Objections must be directed at the substance of the particular request and must not be asserted in a manner that avoids answering the request as a whole or in part. In particular, respondent must address each request to the extent it is not objectionable, including providing partial or qualified responses where appropriate. Nothing in this Opinion precludes respondent from asserting appropriate objections, but any such objections must conform to the requirements of Rule 90.

We note that, in the preamble to the RFA, petitioners requested that respondent contact petitioners' counsel if clarification was needed as to the meaning, scope, or basis of any requested admission. In the light of the defects identified above, respondent shall, in serving amended responses, coordinate with petitioners' counsel before asserting objections where such coordination may resolve or narrow the issue.

*An appropriate order granting in part and denying in part the Motion and ordering other appropriate relief will be issued.*